GEORGE C. FISK & others *vs.* CITY OF SPRINGFIELD.

Hampden.    September 26. — October 22, 1874.    WELLS & COLT, JJ.,
did not sit.

The validity of an order of a city council, for the alteration of a highway and the payment of damages occasioned thereby, can only be impeached directly by petition for a writ of certiorari, and not collaterally by petition in equity to restrain the appropriation and payment of money under it.

PETITION IN EQUITY filed August 27, 1874, under the Gen. Sts. c. 18, § 79,* by ten taxable inhabitants of Springfield, to restrain the city council and all officers, agents and servants of the city, from carrying out the orders of the city council for the payment of money, or borrowing money on the notes of the city to pay for the damages caused by the alteration of the grades of Main Street and Chestnut Street in accordance with those orders, the substance of which is stated in the cases of *Powers & Noyes* v. *City Council of Springfield, ante,* 84, 87. The city demurred to the petition, and the case was thereupon heard and reserved by *Endicott,* J., for the determination of the full court.

*A. L. Soule,* for the respondent.

*H. Morris, (B. F. Thomas* with him,) for the petitioners, cited *Cooley* v. *Granville,* 10 Cush. 56 ; *Hood* v. *Lynn,* 1 Allen, 103 ; *Frost* v. *Belmont,* 6 Allen, 152 ; *Copeland* v. *Huntington,* 99 Mass. 525.

GRAY, C. J. The city council of Springfield being a tribunal having general jurisdiction of the subject of altering the grade of highways in the city, (as has been decided in the cases of *Powers & Noyes* v. *City Council of Springfield, ante,* 84, 87,) the validity of its orders as to such alterations of Main Street and Chestnut Street, and the payment of damages therefor, can only be impeached directly by a petition for a writ of certiorari to quash them, and not collaterally by a petition in equity to restrain the appropriation and payment of money under them.

*Petition dismissed, with costs.*

---

* " When a town votes to raise by taxation or pledge of its credit, or to pay from its treasury any money, for a purpose other than those for which it has the legal right and power, the Supreme Judicial Court may, upon the suit or petition of not less than ten taxable inhabitants thereof, briefly setting forth the cause of complaint, hear and determine the same in equity."