JOHN B. SEWARD & others *vs.* REVERE WATER COMPANY & others.

Suffolk.   December 4, 1908. — March 12, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Jurisdiction,* To restrain unlawful expenditure by municipality. *Municipal Corporations.   Contract,* Rescission, Validity.   *Revere.*

A bill in equity by ten taxable inhabitants of a town under R. L. c. 25, § 100, cannot be maintained to enjoin the expenditure of money in the performance of a contract made under statutory authority by the town with a water supply corporation to purchase the property of such corporation, on the ground that the making of the contract was induced by misrepresentations or fraud on the part of the corporation or its officers or agents, as such fraud, if it existed, would give a right of rescission only to the town and not to the ten taxable inhabitants.

The mere fact that the moderator of a town meeting is an officer of a water supply corporation does not disqualify him from appointing, under a vote of the town authorizing him to do so, committees to consider and report upon the proposed purchase under statutory authority of the property of the corporation of which he is an officer, nor does it invalidate votes passed on the subject by the meeting of which he is the moderator.

St. 1904, c. 457, authorizing the town of Revere to supply itself with water, contains in § 12 the provision that "this act shall be submitted to the voters of said town at any annual town meeting or at a special meeting duly called for the purpose, at which the check list shall be used, and it shall take effect upon its acceptance by two thirds of the voters present and voting thereon at any such meeting." *Held*, that there is no ground for the contention that this provision required for the acceptance of the act a vote of two thirds of all the voters of the town.

The acts of the town of Revere under St. 1882, c. 142, and its subsequent acts under St. 1904, c. 457, in purchasing the property of the Revere Water Company and issuing bonds of the town to pay the price for such property, were in accordance with those statutes and were authorized and ratified by proper votes of the town at meetings regularly held.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 13, 1908, by more than ten taxable inhabitants of the town of Revere under R. L. c. 25, § 100, against the Revere Water Company, a corporation, the town of Revere, the treasurer of that town, the members of the board of water commissioners of that town, and such holders of the water loan bonds of the town of Revere as might thereafter become parties. The prayers of the bill were as follows :

1. That the contract of sale and purchase of all the property of the Revere Water Company dated April 15, 1904, between that company and the committee on water supply, purporting to act for the town of Revere, and the deed of conveyance dated April 1, 1905, from the Revere Water Company to the town of Revere be declared null and void.

2. That the town of Revere water loan bonds issued April 1, 1905, by the town of Revere, as voted by said town in the adjourned meeting assembled on January 2, 1905, be declared null and void.

3. That the defendant the Revere Water Company be ordered to repay to the town of Revere the amount of money received by the defendant company from the town in payment of interest and in redemption of certain of said bonds.

4. That the defendants the town of Revere and G. Arthur Tapley, the town treasurer of Revere, and his successors, be forever enjoined and restrained from making further payments of interest or principal of said bonds, and from further issue of said bonds under authority of St. 1904, c. 457.

5. That the defendants the Revere Water Company, the town of Revere, and Lemuel K. Washburn, Alfred S. Hall, and Arthur B. Curtis, water commissioners of the town of Revere, and their successors, be enjoined and restrained from any further action in reference to the contracts and deeds relating to this property except as ordered by the court, or from in any way interfering with reference thereto.

6. That the defendant the Revere Water Company, its officers, agents and attorneys, be enjoined and restrained from negotiating any of said bonds now in its or their possession.

7. That a temporary injunction be granted.

8. That a receiver be appointed to take possession of the

plant, pipes and distributing apparatus of the defendant the Revere Water Company described in the deed to the town of Revere, and to maintain and operate the same, collect water rates and do all other necessary acts in the premises for the benefit of all the parties as their interests may subsequently be adjudicated, or until the further order of the court.

The several defendants demurred to the bill for want of equity and on the ground of laches.

The case was heard upon the demurrers by *Rugg*, J., who made a final decree ordering that the demurrers of the several defendants be sustained and that the plaintiffs' bill be dismissed without costs. The plaintiffs appealed. The character of the allegations of the bill appears sufficiently in the opinion.

*Asa P. French,* (*R. Walsworth & E. A. Howes, Jr.,* with him,) for the plaintiffs.

*A. E. Pillsbury & G. M. Palmer,* for the defendants, were not called upon.

BRALEY, J. Irrespective of whether the demurrer could be sustained upon the ground of unreasonable delay of the plaintiffs in availing themselves of the statutory remedy, the bill fails to state a case for equitable relief.

The plaintiffs, while seeking to prevent an unlawful expenditure of the public funds, do not represent other taxpayers, nor are they authorized to act for the town. If by reason of alleged misrepresentations or constructive fraud on the part of the company, or of its officers or agents while lawfully acting for it, a right of rescission exists, it can be exercised, if at all, only by the town which was the other party to a bilateral contract. *Dill* v. *Wareham,* 7 Met. 438, 445. *Minot* v. *West Roxbury,* 112 Mass. 1, 3. We are not therefore called upon to decide whether the town can rescind, as, under the several statutes conferring authority to purchase, the contract was within its powers.

The plaintiffs, however, urge that the contract was not merely voidable, but absolutely void, and, no valid debt having been contracted, the appropriation of money raised by taxation for its payment is illegal and should be enjoined. But the various grounds upon which they rest this contention are unsupported by the allegations of the bill. If the moderator at three of the meetings, by whom, upon a vote authorizing him to make the

appointments, important committees were nominated to consider and report upon the proposed purchase, was also an officer of the company, no charge is made that he acted corruptly at the instigation and for the benefit of this defendant, and the mere fact that he was the company's employee did not debar him from exercising his rights as a citizen and voter or prevent the town from availing itself of his services. *Revere Water Co.* v. *Winthrop*, 192 Mass. 455, 458, and cases cited. See also *Sylvester* v. *Webb*, 179 Mass. 236, 240.

By the St. 1882, c. 142, § 7, the town was authorized to buy, and all the proceedings, including the agreement with the company, seem to have been in accordance with its provisions. If there had been any doubt as to the regularity of the meetings, and the action taken, it was within the power of the town to vote " to ratify and adopt " the contract, which it did at the adjourned meeting of May 3, 1904, and, as it does not appear that the limit of its municipal indebtedness would have been thereby exceeded, to issue its bonds in payment. *Arlington* v. *Peirce*, 122 Mass. 270. *Braintree Water Supply Co.* v. *Braintree*, 146 Mass. 482. R. L. c. 27, § 9.

In the meantime the St. 1904, c. 457, had been obtained, authorizing the town " by purchase or otherwise," to establish a water system if the act was accepted by two thirds of the voters present and voting thereon at a meeting duly called for the purpose and at which the check list should be used. St. 1904, c. 457, § 12. The language of the act is plain, and the argument of the plaintiffs, that two thirds of all the voters of the town is meant, calls for no further comment. At a meeting duly warned, it was voted under article two, " to proceed to ballot as required by Section 12 of Chapter 457, Acts of 1904, the check list to be used." By a more than two thirds vote the act was accepted, and notwithstanding the plaintiffs' contention, that the record fails to disclose the use of the check list, it must be assumed that the ballot was taken in accordance with the vote, especially, as they have not deemed it advisable to make a contrary allegation. *Commonwealth* v. *Sullivan*, 165 Mass. 183, 185, and cases cited.

Having accepted the statute, the town was in a position to acquire the waterworks by purchase according to the terms

found in § 11.   The general purpose of the meeting must be gathered from all the articles in the warrant, and, after acceptance, the voters had been definitely notified under article three that they would be called upon to consider the advisability of a purchase from the company, and, if they decided to buy, to pass the necessary votes.   A contract whose terms were within the purview of the statute would be equally binding, whether previously entered into under the St. 1882, c. 142, § 7, and adopted by ratification, or subsequently made under the later statute as the result of further negotiations which embodied the same conditions.   Or it may be said, that, such a contract being then within its corporate power, the form of vote incorporated by specific reference the terms of the previous action of the town as of the time when the vote to ratify was passed.   The subsequent votes to buy and to issue bonds accordingly were not void, but were within the scope of the warrant.   St. 1904, c. 457, §§ 1, 5, 11.   *Revere Water Co.* v. *Winthrop*, 192 Mass. 455, 462, and cases cited.

A full answer, however, to the main contention, that no lawful purchase had been effected and that the bonds were never lawfully issued, is found in the action taken at the adjourned town meeting of December 29, 1904.   At that time there can be no doubt that the statute had been accepted and that the vote to buy had been passed.   The warrant set forth specifically, not only that the issuance of bonds was to be considered and determined, but to see if the town would authorize the water committee to execute an agreement with the company to extend the time for performance of the contract to April 15, 1905, or to take any other action relative thereto.   The vote adopted by two thirds of the voters present not only recognized and ratified the contract to buy, if further ratification were needed, but authorized the issue of the bonds of the town in payment of the price.

*Decree affirmed.*