FRANK D. HOWARD & others *vs.* CITY OF CHICOPEE & others.

Hampden.    January 6, 25, 1937. — December 28, 1937.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction,* Petition by ten taxable inhabitants. *Electricity.* *Electric Company.* *Municipal Corporations,* Contracts, Municipal electric plant. *Contract,* Validity, For the supplying of electricity. *Holyoke Water Power Company.* *Chicopee.* *Words,* "Person," "Electric company," "Purchase," "Company."

By St. 1903, c. 350, as amended by St. 1909, c. 152, the Holyoke Water Power Company and the city of Chicopee lawfully could contract, without the approval of the city's board of aldermen, for the supplying of electricity in bulk by the company to the city at the city line for distribution by its municipal electric plant.

Though the Holyoke Water Power Company had not "entered upon the supply and sale of electricity" in Chicopee within ten years after the passage of St. 1903, c. 350, it was not barred by § 5 of that statute from contracting with the city to sell it electricity in bulk for distribution by its municipal electric plant.

Operations already completed without expense to a city pursuant to a contract between it and an electric company for supplying electricity to its municipal electric plant could not be called in question by a taxpayers' petition under G. L. (Ter. Ed.) c. 40, § 53, whatever their legality under other provisions of the statutes.

The prohibition in G. L. (Ter. Ed.) c. 164, § 87, against the erection of electric wires in a city without the consent of the board of aldermen does not apply to the city itself in the operation of its municipal electric plant; it is not a "person" within that statute.

A contract by a city to buy electricity in bulk for its municipal electric plant did not require the approval of the department of public utilities under G. L. (Ter. Ed.) c. 164, § 94A; a municipality is not an "electric company" within that statute.

PETITION IN EQUITY, filed in the Superior Court on January 13, 1936.

The case was heard by *Williams,* J.

*C. R. Branch,* (*J. P. Kirby & C. Ryan* with him,) for the petitioners.

*B. W. Warren,* (*J. M. Healy, J. S. Begley & D. C. Starr,* with him,) for the respondent Holyoke Water Power Company.

*S. F. Ciosek,* City Solicitor, *& T. A. McDonnell* submitted a brief for City of Chicopee and others, respondents.

RUGG, C.J. This petition in equity by fifteen taxable inhabitants of Chicopee under G. L. (Ter. Ed.) c. 40, § 53, was filed on January 13, 1936. Its object was to enjoin Chicopee and various other respondents who were officers of that city from making expenditures of money and from doing any other act toward carrying out a purported contract between that city and the Holyoke Water Power Company for the supply of electricity by the latter company for distribution through the plant of the city. The petition of that company to be joined as a party respondent was granted and it filed an answer and participated in the trial. The case was heard by a judge of the Superior Court, who made findings and rulings. The testimony is reported. A final decree was entered dismissing the petition. The petitioners excepted to rulings made and appealed from the final decree.

Material facts are chiefly in the record of the appeal. The respondents filed a motion to dismiss the appeal so far as it relates to certain matters alleged to have become moot. The petitioners filed an admission of certain facts not set out in the main record. These admissions are accepted as true. The petitioners admit that on or about July 10, 1936, there was executed a second contract between

Chicopee and the Holyoke Water Power Company, which made some changes and avoided some difficulties in the earlier contract dated December 20, 1935. The contract of July 10, 1936, contained a provision as to hours of labor in conformity to the requirements of statute and was accompanied by a bond, which was duly approved.

The facts material to the grounds of this decision are these: The petitioners are taxable inhabitants of Chicopee. That city is the owner of a municipal lighting plant and is and has been engaged for a number of years in the distribution, but not in the manufacture, of electricity for light and power among its inhabitants. It maintains a substation in connection with distribution. The mayor of Chicopee was authorized by St. 1907, c. 397, to appoint an electric light board of three members. Such board was appointed and has since performed its duties. On December 20, 1935, the original contract was executed between Chicopee through its appropriate officers and the Holyoke Water Power Company (hereafter called the Holyoke company) providing that the Holyoke company supply electricity to the municipal lighting plant for a period of fifteen years beginning on August 1, 1936. At the time of the execution of the contract no bond was filed, but on January 14, 1936, a surety company bond was filed with the city treasurer of Chicopee together with a copy of the contract. This bond was approved by the mayor. The contract of July 10, 1936, was accompanied by a bond which was approved by the mayor. It covered the same general ground as that of December 20, 1935. The contract of July 10, 1936, provided for a supply of electricity by the Holyoke company for the municipal plant of Chicopee. That is the contract under which the parties are operating. The real question is whether the petitioners are entitled to relief with respect to that contract. There has been no vote of the board of aldermen authorizing or approving the contract. No appropriation has been made by the board of aldermen for carrying it out. Since 1917 the Turners Falls Power & Electric Company had been furnishing electricity to the city under a contract which was to expire on July 31, 1936. The

Holyoke company has a plant for the manufacture of electricity located in Holyoke across the Connecticut River from Chicopee. The contract here in question provides for the delivery of electricity at the boundary line between Holyoke and Chicopee, which is substantially in the middle of the Connecticut River. At no time since 1903 has the Holyoke company furnished electricity to or in Chicopee, except that at a single point it is and has been transferring power with the Turners Falls Power & Electric Company. That company was supplying electricity to several private customers in Chicopee. Without reciting the terms of the contract in question, it is enough to say that it provides for the delivery of electricity to be conducted from the city line, a distance of about four miles, to a substation of the city, where it will be transformed for distribution. The cables which will carry the current to the substation will be supported by poles belonging to Chicopee. The estimated cost of the cables is $100,000, of their erection from the point of delivery to the substation $12,000, and of installing transformers and doing other necessary work $45,000. The electric light board of Chicopee has at its disposal $146,000, designated as the "Depreciation Fund," and $63,000 designated as the "Construction Fund." These funds are set up and maintained in accordance with G. L. (Ter. Ed.) c. 164, § 57. The "Construction Fund" is a convenient subdivision of the "Depreciation Fund" and is made up from the annual surplus from the latter fund. No authority has been given by the board of aldermen of Chicopee to the Holyoke company to enter the city since 1903, or to sell power or electricity to the city. No pole locations in Chicopee have been granted to the Holyoke company. In December, 1914, Chicopee accepted St. 1913, c. 822, whereby eight hours was fixed as the length of the day of labor for its employees. The contract here assailed has not been approved by the department of public utilities.

The Holyoke company was authorized by St. 1903, c. 350, as amended by St. 1909, c. 152, "to manufacture electricity for power purposes, . . . and to sell and distribute the same in any of the cities . . . within the counties of

Hampden or Hampshire, upon receiving the approval of the mayor and aldermen of any such city . . . except — First. That it may sell to any city . . . [within said counties] which has established or may hereafter establish a municipal lighting plant, and any such city . . . may purchase of said company electricity in any quantity and for any purpose for which such city . . . can legally use the same." This provision of the statute does not require the approval of the board of aldermen to the contract in question. The Holyoke company under that contract does not "sell and distribute." It simply sells electricity to Chicopee, which alone distributes the electricity thus purchased. Such approval is not necessary in a sale of electricity to a municipal electric lighting plant. The authority is express to make such sale without approval. Such approval is made mandatory only in instances where the Holyoke company sells and distributes electricity within a city or town to a purchaser which is not a municipal lighting plant. It is not necessary to consider whether the sale taking place under the contract at the boundary between the two cities was a sale in Chicopee. *G. E. Lothrop Theatres Co.* v. *Edison Electric Illuminating Co. of Boston,* 290 Mass. 189.

The contention of the petitioners is untenable to the effect that the authority of the Holyoke company to make such sales as are called for by the contract has expired by reason of the terms of St. 1903, c. 350, § 5. The words of that section are: "The right to sell or distribute electricity under the provisions of this act shall cease at the end of ten years after the passage of this act, in every city or town in which said company shall not have entered upon the supply and sale of electricity for power in accordance with the terms of section one hereof." The main corporate purpose of the Holyoke company as set forth in St. 1903, c. 350, § 1, was to manufacture electricity for power purposes, except that it was authorized to sell electricity for any lawful purpose to a city or town having a municipal lighting plant. The limitations of § 5, therefore, would prevent the Holyoke company from entering into compe-

tition generally with a municipal plant. There appears no reason why its authority to sell to a municipal lighting plant should depend upon its seasonable exercise of its limited right to sell power to private consumers.

The purpose of the contract here assailed is the entirely proper one of supplying the municipal lighting plant of Chicopee with electricity. It is not contended that the price is excessive. The expenditure of money by Chicopee for the construction of the transmission circuits doubtless amounted to a considerable sum. But the petitioners have admitted in writing that the entire cost of labor and materials furnished by Chicopee in connection with such installation has been paid to Chicopee by the Holyoke company as provided in the contract. Chicopee has therefore suffered no loss in that connection. It is plain in these circumstances that the petitioners have no ground for relief under G. L. (Ter. Ed.) c. 40, § 53. The operation of that section is solely preventive. It does not authorize the correction of wrongs wholly executed and completed. It does not include within its words the redress of an evil which is past. "It is neither anticipatory nor retroactive." *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258, 260. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22. Whatever may be the proper construction of St. 1903, c. 350, the petitioners are not entitled to relief in this proceeding in the light of the cases just cited.

The petitioners contend that the contract provides for an extension or enlargement of the municipal electric plant by the construction of the "transmission circuits" and is therefore void as in violation of G. L. (Ter. Ed.) c. 164, § 41. That section provides that a city owning a municipal lighting plant shall not, except by a two thirds vote of the board of aldermen, enlarge or extend such plant "beyond the necessary and ordinary maintenance, repair and replacement thereof, or the provision of increased appliances necessary to distribute . . . electricity to new consumers." There has been earnest argument to the effect that this section does not apply because of the powers conferred

upon the municipal light board by G. L. (Ter. Ed.) c. 164, § 57, and the funds accumulated in Chicopee for the depreciation account. It is not necessary to pass upon this contention because no expense has been caused to the city. The Holyoke company has paid all these costs of installing the transmission circuits, and the title is vested in the city. Therefore, under the principles declared in *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, and *Dealtry* v. *Selectmen of Watertown*, 279 Mass. 22, the petitioners are not entitled to relief under G. L. (Ter. Ed.) c. 40, § 53.

The petitioners contend that the contract is void under G. L. (Ter. Ed.) c. 164, § 87. Its material words are these: "In a town where a person is engaged in the manufacture or sale of electricity, no other person shall lay, erect, maintain or use, over or under the streets, lanes and highways of such town, any wires for the transmission of electricity . . . without the consent of the aldermen . . . ." This language does not apply to the circumstances here disclosed. The word "person" is not apt to describe a municipality. G. L. (Ter. Ed.) c. 4, § 7, Twenty-third. The wires in question were not erected and are not to be used by the Holyoke company. The contract expressly provides that title and ownership of the lines shall be and remain vested in Chicopee. Here again the principles declared in *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, and *Dealtry* v. *Selectmen of Watertown*, 279 Mass. 22, show that the petitioners are not entitled to relief in this proceeding. The facts in the case at bar render inapplicable the principle stated in *Attorney General* v. *Walworth Light & Power Co.* 157 Mass. 86.

The petitioners contend that the contract is void because not approved by the department of public utilities. It is provided by G. L. (Ter. Ed.) c. 164, § 94A, that "No . . . electric company shall hereafter enter into a contract for the purchase of . . . electricity covering a period in excess of two years without the approval of the department, unless such contract contains a provision subjecting the price to be paid thereunder for . . . electricity to review and deter-

mination by the department . . . ." The contract in question contained no provision of this nature.

We are of the opinion that the provisions of said § 94A are not applicable to the facts of the case at bar. The words "electric company" in this context do not embrace the electric lighting department of Chicopee. They relate only to contracts for the purchase of electricity by electric companies. The design of this section was to prevent the control of such companies by interlocking management and relations. The words "electric company" do not naturally include a city or town. It is provided by § 1 of said c. 164 · that those words wherever used in that chapter shall mean "a corporation organized under the laws of the commonwealth for the purpose of . . . distributing and selling, electricity within the commonwealth . . . ." The word "sale" does not occur in the relevant provision of said § 94A. The word "purchase" ordinarily signifies the act of acquiring property. *Hunt* v. *Bassett*, 269 Mass. 298, 302. It is manifest that said § 94A is not applicable to the contract here attacked.

The contract of July 10, 1936, contained a provision touching hours of labor in conformity to G. L. (Ter. Ed.) c. 149, §§ 30, 31 and 34.

The petitioners contend that the contract is void under G. L. (Ter. Ed.) c. 166, § 22, because of the absence of a grant of location by the aldermen of Chicopee to the municipal light plant of Chicopee for the lines required by the contract. That section relates to a "company desiring to construct a line for . . . transmission" of electricity along a public way and provides that such company shall petition the board of aldermen for a location. The phraseology of that section does not lend itself to the inclusion of a municipality conducting a plant for the distribution of electricity. The word "company" does not commonly comprise a city or town. A strong argument has been presented in behalf of the respondents that the history and purpose of this section demonstrate that it does not apply to a municipality in the circumstances here disclosed. It is not necessary to enter that field of discussion. Here again the principles of

*Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258, and *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, are decisive against relief to the petitioners in this proceeding.

What has been said disposes of the contentions made in behalf of the petitioners. Points not argued must be taken to be waived.

The respondents request that they be awarded costs against the petitioners. That request is denied. *Leonard* v. *School Committee of Springfield,* 241 Mass. 325, 332.

*Decree affirmed.*