NELLIE F. STONE & others *vs.* TREASURER OF MALDEN & others.

Middlesex.    April 8, 1941. — June 2, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Retirement. Equity Jurisdiction,* Petition by ten taxable inhabitants, To restrain payment of retirement allowance. *Municipal Corporations,* Officers and agents. *Public Officer.*

In the retirement system of Malden, maintained under G. L. (Ter. Ed.) c. 32, §§ 26–31I, as amended, payments of allowances by the retirement board are not payments by the city or its officers or agents within G. L. (Ter. Ed.) c. 40, § 53, and a petition in equity thereunder cannot be maintained against the board and the city treasurer, custodian of the retirement fund, to restrain payment of an allowance to one alleged not to be entitled thereto, although such payment might require an increased contribution by the city to the fund.

A petition in equity could not be maintained under G. L. (Ter. Ed.) c. 32, § 38, as amended by St. 1937, c. 336, § 21, to restrain payment of a retirement allowance to one alleged not to be entitled thereto, where it appeared that he was retired under § 37C (3), as appearing in St. 1938, c. 439, § 2, and not under §§ 1–31I of that chapter.

PETITION IN EQUITY, filed in the Superior Court on June 17, 1940.

Demurrers were heard and sustained by *Forte,* J., and the final decree dismissing the petition was entered by order of *Hurley,* J.

*R. S. McCabe,* for the petitioners.

*B. Kaplan,* for the respondents retirement board.

*D. J. McGillicuddy,* for the respondent Devir.

LUMMUS, J.    This is a petition in equity brought by more than ten taxable inhabitants of Malden under G. L. (Ter. Ed.) c. 40, § 53, against the city treasurer, the members of the retirement board of Malden, and John M. Devir, to prevent the payment of a retirement allowance to Devir as a retired clerk of the street and water commission of Malden, on the ground that his length of service did not qualify him for retirement.    Demurrers to the petition were sustained, and the petition was dismissed.    The petitioners appealed from the final decree.    *Gibbons* v. *Gibbons,* 296 Mass. 89.

The statute under which the contributory retirement system in Malden was established is G. L. (Ter. Ed.) c. 32, §§ 26–31, redrafted by St. 1936, c. 318, § 1, as G. L. (Ter. Ed.) c. 32, §§ 26–31I, and slightly amended by later statutes.    Apparently the whole statute as redrafted in 1936 was accepted by the city.    The retirement allowance to which an "employee" within the act is entitled upon the prescribed conditions, consists of periodical payments derived from the contributions made by the city or town, plus periodical payments derived from the accumulated deductions made from the salary of the employee during his service.    By § 31F the management of the retirement system is vested in a retirement board of three persons, namely, the municipal auditor, one person chosen by municipal officials, and another chosen by the members of the retirement system. The board, by § 31H, has the management of the funds of the system, but the municipal treasurer is the custodian. The amount of the annual contribution by the city to the pension accumulation fund is determined by the commissioner of insurance.    § 31G (3).    The amount needed from the city for the various funds in the system is certified annually by the retirement board and appropriated by the city.    § 31 G (6).

Long ago it was settled in this Commonwealth that the restraint of illegal expenditures by public officers at the instance of citizens or taxpayers was not within general

equity jurisdiction. *Hale* v. *Cushman,* 6 Met. 425. *Carlton* v. *Salem,* 103 Mass. 141. *Baldwin* v. *Wilbraham,* 140 Mass. 459. *Steele* v. *Municipal Signal Co.* 160 Mass. 36. See also *Kelley* v. *Board of Health of Peabody,* 248 Mass. 165, 169. The petitioners purport to bring their petition under G. L. (Ter. Ed.) c. 40, § 53, which originated in St. 1847, c. 37. That statute provides that if a town (or city, *Forbes* v. *Woburn,* 306 Mass. 67, 69) or "any of its officers or agents" are about to "raise or expend money or incur obligations purporting to bind said town" for any unauthorized purpose or in any unauthorized manner, the matter may be determined in equity upon the petition of not less than ten taxable inhabitants.

In the present case the alleged illegal expenditure of money is not by the city or its officers or agents, but by the retirement board, a body created by statute and independent of the city. The fact that the city contributes to the fund and may be required to contribute more than it should if the retirement board unlawfully pays a retirement allowance to one not legally entitled to it, does not constitute an illegal expenditure on the part of the city or its officers or agents. See *Prince* v. *Boston,* 148 Mass. 285, 288, 289; *Parsons* v. *Northampton,* 154 Mass. 410; *Fisk* v. *Springfield,* 116 Mass. 88. In this respect the case differs from *Gray* v. *Salem,* 271 Mass. 495, where the pension was payable directly by the city.

G. L. (Ter. Ed.) c. 32, § 38, as amended by St. 1937, c. 336, § 21, gave to the Superior Court jurisdiction in equity, "upon petition of the commissioner of insurance or any interested party," to compel the observance and to restrain the violation of any provision of c. 32, §§ 1–31I, inclusive, and of the rules and regulations established thereunder. Even though an ordinary taxpayer be deemed an "interested party" within § 38, that section has no application to the present case, for it does not extend to the retirement of the respondent Devir, who was retired under G. L. (Ter. Ed.) c. 32, § 37C (3) [St. 1938, c. 439, § 2], and not under c. 32, §§ 1–31I, to which § 38 is restricted.

*Interlocutory decrees affirmed.*

*Final decree affirmed, with costs.*