ROGER AMORY & others *vs.* ASSESSORS OF BOSTON.

Suffolk.    May 16, 23, 1941. — October 31, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Equity Jurisdiction,* Ten taxable inhabitants' petition, Valuation of
    property for taxation, Abatement of tax. *Assessors of Taxes. Tax,*
    On real estate: assessment, abatement. *Municipal Corporations,*
    Municipal finance.

A petition under G. L. (Ter. Ed.) c. 40, § 53, by ten taxpayers against
    the assessors of a city could not be maintained to restrain an inten-
    tional overvaluation of certain parcels of real estate in which the
    petitioners had no proprietary interest and whose owners were not
    represented by the petitioners, if the total amount of the tax to be
    levied in the city was not excessive.
Intentional overvaluation by assessors of some parcels of real estate in
    a city which would result in a limit of indebtedness higher than that
    to which the city would be entitled under a proper valuation could
    not be restrained on a petition against the assessors under G. L. (Ter.
    Ed.) c. 40, § 53, if action on the part of the appropriating department
    of the city government to utilize such improperly increased borrowing
    power was not imminent.

PETITION IN EQUITY, filed in the Superior Court on No-
vember 25, 1940.

An interlocutory decree overruling a demurrer to the peti-
tion was entered by order of *Swift,* J., and the case was re-
ported to this court.

*R. H. Hopkins,* Assistant Corporation Counsel, (*N. Moger,*
Assistant Corporation Counsel, with him,) for the respond-
ents.

*A. Lincoln,* for the petitioners.

RONAN, J.    This petition, brought by more than ten
taxpayers of Boston under G. L. (Ter. Ed.) c. 40, § 53,
alleges that the respondent assessors have for many years

adopted a practice of valuing many parcels of the taxable
real estate of the city, principally property used for com-
mercial purposes and some parcels used for residential pur-
poses, in amounts that they knew were far in excess of the
fair cash value of such property, while other taxable prop-
erty has not been overvalued; that the real estate so over-
valued is located in the business district which comprises
"those sections of said city commonly known as the retail
district, the market district, the financial district, the insur-
ance district, the wholesale district and the water front,
and also in the Back Bay and the South End"; that other
real estate has not been overvalued; that as a result of
said practice the assessors have been enabled to fix the tax
rate much lower than it would have been if the said prop-
erty had been valued at its fair cash value, and the debt
limit within which the city has been authorized to incur
indebtedness has exceeded the limit that would have been
established if the said property had not been overvalued;
that the assessors intend to follow this practice in valuing
such property for 1941 and to assess a tax thereon based
upon said valuation. The petition prayed for an order
restraining the respondents from valuing taxable property
otherwise than at its fair cash value as determined by their
honest judgment. The judge overruled the respondents'
demurrer and reported his ruling to this court.

Proceedings brought against municipal officers to prevent
the illegal expenditure of funds or the abuse of corporate
power in raising money by taxation in a manner not author-
ized by law do not come within the general principles of
equity jurisprudence, and the right to bring and maintain
such proceedings is measured entirely by the statute itself.
*Baldwin* v. *Wilbraham*, 140 Mass. 459. *Steele* v. *Municipal
Signal Co.* 160 Mass. 36. *Stone* v. *Treasurer of Malden*,
309 Mass. 300. They cannot be brought to attack col-
laterally the validity of an order of the proper tribunal in
altering a highway or in eliminating a grade crossing, or to
try the title to public office, or to compel an official to en-
force some provision of the criminal law, or to rescind a
contract on the ground of fraud imposed upon a town, or

to test the reasonableness of rates charged by a town for supplying water. *Fisk* v. *Springfield*, 116 Mass. 88. *Prince* v. *Boston*, 148 Mass. 285. *Parsons* v. *Northampton*, 154 Mass. 410. *Seward* v. *Revere Water Co.* 201 Mass. 453. *Kelley* v. *Board of Health of Peabody*, 248 Mass. 165. *Ashton* v. *Treasurer of Fall River*, 287 Mass. 276. *Dube* v. *Mayor of Fall River*, 308 Mass. 12. Petitions within the scope of the statute are subject to the general rules governing the sufficiency of the pleadings, equitable defences, the granting of injunctions and other matters pertaining to suits in equity. *Parsons* v. *Northampton*, 154 Mass. 410. *Conners* v. *Lowell*, 246 Mass. 279. *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258. *Dealtry* v. *Selectmen of Watertown*, 279 Mass. 22. Ordinarily, an injunction is not granted without a showing that it is reasonably necessary in order that adequate relief be afforded a plaintiff or where the substantial rights of a plaintiff cannot otherwise be fully and fairly protected. *Gray* v. *Howell*, 292 Mass. 400, 403, 404. *Proprietors of the Cemetery of Mt. Auburn* v. *Unemployment Compensation Commission*, 301 Mass. 211. *Boston & Maine Railroad* v. *Whitehead*, 307 Mass. 106.

The petition rests upon two grounds: first, the intentional overvaluation of various properties, and secondly, the increase in the city's borrowing capacity due to such overvaluation.

We now pass to a consideration of the petition in reference to the claim of overvaluation by the respondents. We assume in favor of the petitioners that the allegations that the respondents have knowingly overassessed parcels of real estate located in various districts of the city, without definitely describing the districts or identifying any of the parcels or stating the amount of overvaluation on any parcel, are not lacking in certainty, *Merchants Discount Co.* v. *Esther Abelson, Inc.* 297 Mass. 517; *Arena* v. *Erler*, 300 Mass. 144; *Walter* v. *McCarvel*, 309 Mass. 260, and that such allegations are not mere conclusions of law but are conclusions of fact which necessarily arise from the facts alleged. *Johnson* v. *East Boston Savings Bank*, 290 Mass.

441.  *Comerford* v. *Meier*, 302 Mass. 398.  *Stockus* v. *Boston Housing Authority*, 304 Mass. 507.

The petitioners do not allege that there will be any error in determining the total amount of the tax or that more money will be raised than will be necessary to pay the proper expenses of the city for the current year.  They do not allege that any parcel owned by any of them will be overvalued by the respondents or that any of them will be compelled to pay more than his fair proportion of the total tax.  They do not contend that the assessment that will be levied upon their properties will be excessive.  The petition does not show that any of the petitioners will suffer pecuniary damage from the assessment which, it is alleged, the respondents purpose to impose upon their respective properties or that any proprietary interest they may have in any taxable real estate in said city will be thereby harmed or injured.  But it is alleged that the owners of parcels of realty located in various parts of the city will be subjected to an excessive tax on account of the overvaluation of their properties.  The petitioners, however, do not represent such owners, and they cannot complain in their behalf in the absence of a statute giving them that right.  *Choate* v. *Assessors of Boston*, 304 Mass. 298.  The statute upon which the petition is based was enacted to prevent the expenditure of municipal funds for an illegal purpose and to prohibit the raising of money by taxation in any manner not authorized by law.  The owners of properties that, it is alleged, will suffer an excessive tax have a plain and complete remedy in proceedings for abatement, which have always been considered as an exclusive remedy for an excessive tax due to overvaluation.  *Harrington* v. *Glidden*, 179 Mass. 486.  *Old Colony Railroad* v. *Assessors of Boston*, 309 Mass. 439.  Moreover, the statute authorizing the bringing of a taxpayers' petition does not indicate any legislative intent to supersede or supplement the statutory system for the abatement of taxes — a system that antedates by many years the enactment of St. 1847, c. 37, which was the original form of what is now G. L. (Ter. Ed.) c. 40, § 53.  *Devney's Case*, 223 Mass. 270.  *Inspector of Buildings of Fal-*

*mouth* v. *General Outdoor Advertising Co. Inc.* 264 Mass. 85. This last mentioned statute cannot be used to secure what in effect would be an abatement of taxes upon thousands of parcels of real estate. *Codman* v. *Assessors of Westwood,* 309 Mass. 433. If the Legislature intended that ten tax-payers, none of whom is illegally burdened by the assessment of a tax upon his property and none of whom contends that the total amount of the assessment is excessive, could compel a revaluation of nearly all of the taxable real estate of a large city like Boston, then it would have been an easy matter to express such an intent. We cannot extend the scope of a statute by reading into it words that the Legislature had not deemed suitable to employ in drafting the enactment. *Somerville* v. *Commonwealth,* 225 Mass. 589. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239.

It is a general rule of law that one cannot attack the validity of a tax that affects only others and not himself. *International Paper Co.* v. *Commonwealth,* 228 Mass. 101, 115. *Henneford* v. *Silas Mason Co. Inc.* 300 U. S. 577. *Carmichael* v. *Southern Coal & Coke Co.* 301 U. S. 495. *Clark* v. *Paul Gray, Inc.* 306 U. S. 583. Likewise, the petitioners cannot maintain a petition brought under G. L. (Ter. Ed.) c. 40, § 53, upon the ground that the proposed action of the municipal officers will materially impair the rights of third persons unless such action is restrained. *Prince* v. *Crocker,* 166 Mass. 347, 362. *Higginson* v. *Treasurer & School House Commissioners of Boston,* 212 Mass. 583. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22. The assessment of a property tax upon any valuation other than its fair cash value is unwarranted by law, G. L. (Ter. Ed.) c. 59, § 38; *Massachusetts General Hospital* v. *Belmont,* 233 Mass. 190; *Assessors of Quincy* v. *Boston Consolidated Gas Co.* 309 Mass. 60, but it is not alleged that the manner of assessment will result in a total assessment in excess of the proper amount required for municipal expenses, and, as there is an adequate remedy for the abatement of any taxes found to be excessive, this would seem to be a case where the method of assessment will not impose any hard-

ship on any taxpayer, the petitioners, or the city. The petition, in so far as it rests upon the alleged overassessment, fails to show that the protection of the public interests requires the intervention of a court of equity. *Freeland* v. *Hastings,* 10 Allen, 570. *Parsons* v. *Northampton,* 154 Mass. 410. *Ashton* v. *Treasurer of Fall River,* 287 Mass. 276.

The second ground for relief alleges that the limit of municipal indebtedness is established as a certain percentage of the average total valuation of the city for the three preceding years; that the overvaluation of property by the respondents in the past has improperly raised this limit and that as a result the outstanding indebtedness of the city is greater than it would have been and more than the law would have permitted if the valuations had been made at fair cash value. The petitioners complain that the respondents intend to continue to value property in excess of its fair cash value in order that the city may have a larger borrowing capacity than that to which it is entitled under the law. The statute, G. L. (Ter. Ed.) c. 40, § 53, does not reach past transactions unless in exceptional cases, of which the present is not one. *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258. *Adams* v. *Selectmen of Northbridge,* 253 Mass. 408. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22. *Howard* v. *Chicopee,* 299 Mass. 115.

An assessment upon any parcel of land that is based upon more than its fair cash value is unwarranted, but the making of such an assessment would not subject the city to any financial obligations. The conduct of the assessors according to the allegations of the petition has resulted in maintaining the limit of indebtedness at a figure higher than that the city would be entitled to have if all the realty located therein were valued upon the statutory basis. The assessors, however, are without power to appropriate municipal funds. That authority is possessed by the legislative branch of the municipal government. *Flood* v. *Hodges,* 231 Mass. 252. *Opinion of the Justices,* 302 Mass. 605. At most, the petition in this respect does no more than to charge the assessors with furnishing an opportunity to the appropriating branch of the government to utilize a bor-

rowing capacity which but for the action of the assessors would not be so extensive. The petition does not charge that the appropriating branch of the city government intends to avail itself of this opportunity and incur any further indebtedness over a limit based upon the fair cash valuation of the real estate located within the city. It therefore does not appear that such action upon the part of the city government is imminent or threatening. It was said in *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, 260, that "A well grounded expectation of such conduct is not enough to confer jurisdiction under the statute." It is plain that G. L. (Ter. Ed.) c. 40, § 53, does not reach any borrowings, which might possibly be made at some time in the future by the appropriating branch of the city government, that would be in excess of a limit of municipal indebtedness properly determined upon the basis prescribed by law. *Carlton* v. *Salem*, 103 Mass. 141. *MacDonald* v. *Street Commissioners of Boston*, 268 Mass. 288. *Dealtry* v. *Selectmen of Watertown*, 279 Mass. 22.

The present case is distinguishable from *Dowling* v. *Assessors of Boston*, 268 Mass. 480, upon which the petitioners rely. There the proposed assessment was challenged on the grounds that it should not include two large sums which ought not to be considered in determining the total amount of the assessment, and that the inclusion of such sums would make the assessment excessive and would constitute the raising of money by taxation in a manner not authorized by law. Here, the proposed assessment is attacked on the ground that the assessment is based upon an intentional overvaluation of numerous parcels of real estate and will result in raising to an improper and illegal extent the municipal debt limit. In the case cited, if the two sums in question ought not to have been included, then the tax liabilities not only of each of the petitioners but of every taxpayer of the city would be directly and materially affected. Here, none of the petitioners share the imminency of such injury, either from the assessment itself upon their properties or from any present intent by the appropriating branch of the city government to utilize any increase in the

borrowing capacity of the city resulting from the alleged overvaluation of taxable real estate.

There is nothing in this opinion contrary to anything decided in *Amory* v. *Assessors of Boston*, 306 Mass. 354, when this controversy was first here. It was there held that a taxpayers' petition under G. L. (Ter. Ed.) c. 40, § 53, and not a petition for mandamus was the appropriate remedy. The sufficiency of the present petition was not then before the court and no question of pleading was there involved or adjudged.

There was error in overruling the demurrer, and a decree should be entered sustaining the demurrer.

*Ordered accordingly.*