CAPUANO, INC. *vs.* SCHOOL BUILDING COMMITTEE OF
WILBRAHAM & others.

Hampden. ·September 17, 1953. — November 3, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Public Works. Administrative Matter. Contract,* For public works, With municipality, Bidding for contract. *Municipal Corporations,* Contracts, Officers and agents. *Equity Jurisdiction,* Administrative matter.

In a suit in equity based on a threatened violation of G. L. (Ter. Ed.) c. 149, § 44A, as amended, a demurrer to the bill on the grounds that [it did not state facts entitling the plaintiff to relief in equity or constituting a cause of action was rightly sustained where the bill alleged merely that certain defendants as members of a school building committee of a town advertised for bids for construction of an addition to a school building, that the plaintiff submitted the lowest bid, that other defendants submitted a higher bid, and that on information and belief the construction contract was "not to be awarded to . . . [the plaintiff], as the lowest responsible and eligible bidder."

Determination of the "lowest responsible and eligible bidder" on a town building construction project within G. L. (Ter. Ed.) c. 149, § 44A, as amended, was a duty of the awarding authority not to be interfered with by the courts in a suit in equity by one of the bidders based on an alleged intention of the awarding authority not to award the construction contract in conformity to the statute.

BILL IN EQUITY, filed in the Superior Court on December 31, 1952.

Demurrers were sustained by *Fairhurst, J.*

In this court the case was submitted on briefs.

*Raymond J. Rosa,* for the plaintiff.

*Frank Auchter,* for the defendants.

WILLIAMS, J. In this bill in equity it is alleged that the defendants Swetland, Aperici, Cordner, Gale, Green, Hintze, and Howes are members of the school building committee of the town of Wilbraham; that they advertised for bids for the construction of an addition to a school building; that the plaintiff submitted a bid of $88,845 which was the lowest bid; that the defendants W. J. Quinn and James M. Quinn, doing business as W. J. Quinn Company, submitted a bid of $90,500; and that on information and belief the contract "is not to be awarded to it [the plaintiff], as the lowest responsible and eligible bidder." It is prayed that the school building committee be enjoined from awarding the contract "to any one other than the lowest bidder" and that the Quinns be enjoined "from commencing work or taking any other action under said award . . . for the construction of . . . [the] addition." The defendant members of the school building committee filed a joint demurrer, as did the Quinns, each demurrer alleging that the bill did not state facts entitling the plaintiff to relief in equity and did not set forth any substantive facts necessary to constitute a cause of action. The demurrers were sustained by interlocutory decrees. The plaintiff appeals from these decrees and from a final decree dismissing the bill.

The bill purports to allege a threatened violation by the building committee of G. L. (Ter. Ed.) c. 149, § 44A, as appearing in St. 1941, c. 699, § 1, which, in substance, provides that a building committee of a town which is empowered to contract for the alteration or remodeling of a public building at an estimated cost of more than $1,000 shall award the contract "on the basis of competitive bids to the lowest responsible and eligible bidder." While it is alleged in the bill that the plaintiff was the lowest bidder, it is nowhere alleged that it was the lowest responsible and eligible bidder. Nor is it alleged that the contract has been awarded to the Quinns or to other than the lowest responsible and eligible bidder. All that appears is the vague statement that on information and belief the contract is not to be awarded to the plaintiff as the lowest responsible

and eligible bidder. If this allegation be construed to mean that the committee does not intend to make the award in conformity with statutory provisions, it is clear that the bill does not make out a cause for relief in equity. The determination of who was the lowest responsible and eligible bidder was a matter delegated to the building committee. Ordinarily courts of equity will not interfere to decide questions committed by law to the determination of public officials. *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 291–292. *Criscuolo* v. *Department of Public Utilities*, 302 Mass. 438, 442. The court has no authority to take from such officers the duty of deciding the questions submitted to them and in the absence of illegal or arbitrary action their conclusions as to matters of fact within their jurisdiction cannot be controverted. *Moneyweight Scale Co.* v. *McBride*, 199 Mass. 503, 505. *Shuman* v. *Gilbert*, 229 Mass. 225. *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269, 278. *Stretch* v. *Timilty*, 309 Mass. 267, 270–271. Compare *Gifford* v. *Commissioner of Public Health*, 328 Mass. 608.

The demurrers were rightly sustained on both grounds alleged. The interlocutory decrees are affirmed and the final decree is affirmed with costs.

*So ordered.*