STANLEY KAPINOS & others vs. CITY OF CHICOPEE & others.

Hampden.    March 7, 1956. — May 14, 1956.

Present: QUA, C.J., RONAN, WILKINS, COUNIHAN, & WHITTEMORE, JJ.

*Equity Jurisdiction*, Taxable inhabitants' suit.  *Municipal Corporations*,
Contracts, Use of municipal property.

A suit in equity by more than ten taxpayers of a city under G. L. (Ter.
Ed.) c. 40, § 53, to have declared null and void a so called lease of city
owned land permitting the lessee to remove fill from the land for a
specified sum to be paid to the city, commenced after the lessee had
removed fill for a period of about eleven months and had practically
completed its removal and had paid one half of the amount due under
the lease, was not commenced when the city was "about to . . . incur
obligations" but after it had done so and was too late.

PETITION, filed in the Superior Court on May 18, 1955.
The suit was heard by *Pecce*, J., on demurrers.
*James F. Egan*, for the petitioners.
*Foster Furcolo*, for the respondents.
COUNIHAN, J.   This is a petition under G. L. (Ter. Ed.)
c. 40, § 53, brought by Stanley Kapinos and fifteen other
taxpayers of the city of Chicopee against the city, the mayor,
members of the board of water commissioners of the city,
hereinafter called the board, and the A. E. Williams Con-
struction Co., Inc., and the Enfield Road Construction Co.,
Inc., hereinafter called the construction companies.   The
petition seeks to have declared null and void a contract en-
tered into between the board and the construction com-
panies for the removal of "fill" from certain land of the city
under the control of the board and also to restrain the con-
struction companies from doing any further work under the
contract.   The case comes here upon what is in effect an
appeal from a final decree dismissing the petition after in-
terlocutory decrees sustaining demurrers.   There was no
error.

The facts alleged in the petition which must be taken as true upon demurrer are essentially as follows: On May 9, 1954, the board voted to lease certain land of the city to the construction companies for the purpose of permitting them to remove "fill" therefrom. This so called lease, which is in effect the contract complained of as illegal, reads as follows:

Lease Agreement

Agreement made this 14 day of June 1954, by and between the Water Commissioners of the City of Chicopee, Chicopee, Massachusetts hereinafter called the Lessor and A. E. Williams Construction Co., Inc. & Enfield Road Construction Co., Inc., Co-adventurers, 4 Locust Street, Hartford 14, Connecticut hereinafter called the Lessee as follows:

The Lessee hereby leases from the Lessor city owned property near Westover Air Force Base, Chicopee Falls, Massachusetts, East of Pendleton Avenue and South-Southeast of Cooley Brook. Said lease to permit removal of fill during the period of construction at Westover Air Force Base. Upon completion of fill removal, Lessee shall grade and slope disturbed areas after disposing of trees, stumps, and brush.

The Lessor hereby agrees to accept and the Lessee to pay two thousand dollars ($2000) in full satisfaction of the Lease Agreement. Five hundred dollars ($500) to be paid upon completion of this document, five hundred dollars ($500) on November 15, 1954, and the balance, one thousand dollars ($1000) on or about June 1955.

The present petition was filed on May 18, 1955, and on May 23, 1955, the parties entered into and filed a stipulation in which the construction companies agreed not to remove any more "fill" during the pendency of this suit. The construction companies had entered upon the leased premises and had removed "fill" for a period of about eleven months prior to the filing of this petition. They had paid

the city $1,000 during that period and nothing thereafter presumably because of the stipulation.

The petitioners allege that the lease or contract was entered into without compliance with the charter of the city and that the board had no power to impose such contractual obligations and liabilities upon the city.

The only issue before us is whether the petitioners in these circumstances are entitled to the relief they seek under c. 40, § 53, which reads, "If a town or any of its officers or agents are about to raise or expend money or incur obligations purporting to bind said town for any purpose or object or in any manner other than that for and in which such town has the legal and constitutional right and power to raise or expend money or incur obligations, the supreme judicial or superior court may, upon the petition of not less than ten taxable inhabitants of the town, determine the same in equity, and may, before the final determination of the cause, restrain the unlawful exercise or abuse of such corporate power."

In the case at bar the city or its officers under the contract were not obligated to raise or expend any money. They did incur an obligation to permit the construction companies to remove "fill" from certain land of the city. The companies had been removing fill for more than eleven months when this petition was brought and had paid the city $1,000 on account for this privilege. The obligation of the city had been incurred and the companies had already undertaken to perform their part of the contract. Chapter 40, § 53, only provides that "ten taxable inhabitants" are entitled to relief in equity if a town or any of its officers or agents are *about to incur obligations*. This plainly implies that a taxpayers' petition will lie only before such obligations are incurred and not afterwards. This petition was brought too late.

In *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258 it was said at page 260, "This statute is preventive. It is neither anticipatory nor retroactive. . . . A well grounded expectation of such conduct is not enough to confer jurisdic-

tion under the statute. . . . The statute does not authorize, on the other hand, the correction of wrongs wholly executed and completed. It is not retroactive. It does not include within its words the redress of an evil that is past and gone." In the case at bar it is not seriously disputed that the construction companies had practically completed their work under the contract when this petition was brought.

While not directly in point we deem it appropriate to direct attention to some other cases in which c. 40, § 53, has been considered. *Conners* v. *Lowell*, 246 Mass. 279. *Dealtry* v. *Selectmen of Watertown*, 279 Mass. 22. *Amory* v. *Assessors of Boston*, 310 Mass. 199. *Lowell* v. *Boston*, 322 Mass. 709. *East Side Construction Co. Inc.* v. *Adams*, 329 Mass. 347. *Lynch* v. *Cambridge*, 330 Mass. 308.

*Decree affirmed.*