345 Mass. 267                                                    267

Fred C. McClean Heating Supplies, Inc. *v.* Westfield Trade H. S. Bldg. Comm.

FRED C. McCLEAN HEATING SUPPLIES, INC. *vs.* WESTFIELD
TRADE HIGH SCHOOL BUILDING COMMITTEE OF
WESTFIELD & others.

Hampden.    October 3, 1962. — December 24, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Public Works.    Contract,* For public works, Bidding for contract.    *Equity
Pleading and Practice,* Bill, Decree, Declaratory proceeding.    *Moot
Question.*

A proper case for declaratory relief under G. L. c. 231A was presented
by a bill in equity alleging that on a public construction project sub-
ject to G. L. c. 149, §§ 44A–44L, the plaintiff submitted, on a form
furnished by the awarding authority, filled out and complete in every
respect, the lowest subbid for the heating and ventilating work, that
the plaintiff was responsible and eligible, that the successful general
bidder listed the plaintiff as subbidder, but that the awarding authority
in violation of the statute rejected the plaintiff's subbid and obtained the
successful general bidder's permission to substitute another subbidder
for the heating and ventilating work at a higher price; the availability
of other remedies to the plaintiff did not preclude recourse to a suit for
declaratory relief.    [268–270]
The provision of G. L. c. 149, § 44H, as appearing in St. 1956, c. 679, § 1,
that within two days after an awarding authority opens subbids filed in
connection with a public construction project it "shall reject every sub-
bid which . . . is on a form not completely filled in, or which is incom-
plete, conditional or obscure, or which contains any addition not called
for," is mandatory to the extent that if a subbid is to be rejected for
formal deficiencies the rejection must take place within the two days
prescribed.    [271–272]
Where, in a suit in equity for declaratory relief by a responsible and
eligible subbidder for a subcontract on a public construction project
subject to G. L. c. 149, §§ 44A–44L, against the awarding authority, the
general contractor, and another subbidder for such subcontract, it ap-
peared that the plaintiff submitted the lowest base subbid without prices
for two alternates for which the subbidders had been instructed to
include prices, that the awarding authority did not reject the plaintiff's
subbid within two days after opening the subbids but included the
plaintiff at his base subbid in its list of subbidders sent to the general
bidders, that the bid of the successful general bidder named the plaintiff
as subbidder, and that subsequently the awarding authority, which did

not elect either of the alternates, rejected the plaintiff's subbid solely because of the omission of prices for the alternates therein and, with the successful general bidder's permission, substituted the defendant subbidder at a higher base price, it was held that the rejection of the plaintiff's subbid was in violation of the statute and that a decree should be entered declaring that the defendant subbidder had been wrongfully substituted for the plaintiff.   [272–273, 274]

This court, in the circumstances, declined to treat as moot the issue raised in a suit in equity for a declaratory decree establishing the plaintiff's right under G. L. c. 149, §§ 44A–44L, to a subcontract for which the plaintiff had submitted a bid in connection with a public construction project, but which had been awarded to another, even if the construction had been completed.   [273]

BILL IN EQUITY filed in the Superior Court on June 1, 1961.

The suit was heard by *Morton*, J., on demurrer and by *Tomasello*, J., on a master's report.

*Joseph M. Corwin* (*Sally A. Corwin* with him) for the plaintiff.

*Edward M. Lee*, City Solicitor, for the defendants.

KIRK, J.   The plaintiff corporation (McClean) seeks a determination under G. L. c. 231A that it be included as the subcontractor for the heating and ventilating work in the general contract for the construction of the Westfield Trade High School building (the school) pursuant to the provisions of G. L. c. 149, §§ 44A–44L.[1]   The defendants are the Westfield Trade High School Building Committee (the committee); L. D. Phillips Construction Co. (Phillips) which was awarded the general contract for the construction of the school; and Ivy Engineering, Inc. (Ivy), which was awarded the subcontract in issue.   The case is before us on the committee's appeal from a decree overruling its demurrer to the bill, and on McClean's appeals from an interlocutory decree confirming a master's report and from a final decree dismissing the bill.

1.   We first consider the demurrer which was based on the grounds that the bill did not state a cause under G. L. c. 231A entitling McClean to equitable relief and that cer-

[1] As appearing in St. 1956, c. 679, § 1, and as amended by St. 1957, c. 590, and as further amended by St. 1960, c. 692 and c. 771.

345 Mass. 267                    269

Fred C. McClean Heating Supplies, Inc. *v*. Westfield Trade H. S. Bldg. Comm.

tain allegations of the bill were vague and uncertain.  The bill before us, unlike the one in *James Constr. Co. Inc.* v. *Commissioner of Pub. Health,* 336 Mass. 143, alleges noncompliance with the provisions of G. L. c. 149, §§ 44A–44L, with substantive sufficiency.  The question of the propriety of proceeding under G. L. c. 231A is presented.  If the bill states a case within the declaratory judgment statute, it is proof against demurrer.  *Carlton Hotel, Inc.* v. *Abrams,* 322 Mass. 201, 203, and cases cited.  See *Burnes* v. *Metropolitan Dist. Commn.* 325 Mass. 731, 733.  The averments of the bill and exhibits annexed thereto, which for purposes of demurrer must be taken as true, *Kapinos* v. *Chicopee,* 334 Mass. 196, 197, are, in brief, that McClean submitted, on the form furnished by the committee, filled out and complete in every respect, the lowest price ($136,124) for the heating and ventilating work, and was the lowest responsible and eligible subbidder; that Phillips, the lowest general bidder, listed McClean as the subcontractor; that the committee then rejected McClean's subbid and obtained Phillips's permission to substitute Ivy, whose subbid price was $6,776 higher than McClean's, all in violation of G. L. c. 149, §§ 44A–44L.  The controversy thus presented is not one which calls upon us to decide questions which are committed by law to the determination of public officials whose conclusions as to matters of fact within their jurisdiction in the absence of illegal or arbitrary action cannot be controverted, *Capuano, Inc.* v. *School Bldg. Comm. of Wilbraham,* 330 Mass. 494, 496, but rather involves the question whether there has been compliance with the requirements of the statute.  *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608, 616–617.  Under the statute an awarding authority may not require the substitution of a higher available bidder for the lowest subbidder whose bid is in all formal aspects satisfactory, except for lack of competence of the lowest bidder.  *Rudolph* v. *City Manager of Cambridge,* 341 Mass. 31, 35.  The averments of the bill meet the requirements of the declaratory judgment statute, the procedure of which is available for the "determinations of right, duty,

270                                    345 Mass. 267

Fred C. McClean Heating Supplies, Inc. *v.* Westfield Trade H. S. Bldg. Comm.

status or other legal relations under . . . a statute . . . .''
G. L. c. 231A, § 2. The availability of other remedies does
not, as argued, preclude recourse to a bill for declaratory
relief as a remedy. *Madden* v. *State Tax Commn.* 333
Mass. 734, 736–737. The demurrer was properly overruled.

2. The case was referred to a master who made the following pertinent findings. McClean is a competent and
responsible heating and ventilating subcontractor. The
committee's invitation for subbids for heating and ventilating work required that each subbidder submit a bid based
on the assumption that ventilating equipment manufactured
by John J. Nesbitt, Inc. (Nesbitt), would be used; and two
alternate bids, alternate number one contemplating the use
of Herman Nelson equipment, and alternate number two
contemplating the use of Trane Company equipment. The
bids on the alternates were to be indicated on the bid form
by figures representing an addition to or a deduction from
the base bid. The instructions to the bidders, including
McClean, contained the following language, ''a bid on any
contract which does not contain a separate price for each
item in the bid for any such contract may be rejected as
informal.'' All subbids for the work were filed by noon
on April 20, 1961, and ''duly opened by the committee.''
McClean's base bid was the lowest base bid. In the spaces
provided for the alternate bids the words ''no bid'' were inserted by McClean. McClean was listed by the committee
as the lowest subbidder in the information distributed to
the general bidders. Phillips, the lowest general bidder,
listed McClean as the subcontractor for the heating and
ventilating work. Before the award of the general contract, however, the city solicitor, in response to an inquiry
by the committee as to the validity of McClean's bid, advised that McClean's bid was illegal and should be rejected
because it did not make a specific bid for the alternates.
On May 1, 1961, the committee adopted the city solicitor's
opinion. The substitution of Ivy for McClean followed.
The award was made on the base bid. No award was made
on the alternate bids.

3.  The view which we take of the case makes it unnecessary to consider McClean's objections[2] to the master's report.

4.  The interlocutory decree confirming the master's report established the facts found by the master as the facts of the case. *Foot* v. *Bauman,* 333 Mass. 214, 219. It thereupon became the duty of the judge, as it is now our duty on appeal from the final decree, to see that the final decree is such as the law requires upon the facts found by the master. *Foot* v. *Bauman,* 333 Mass. 214, 219. *New England Overall Co. Inc.* v. *Woltmann,* 343 Mass. 69, 80–81. In reviewing a case of the type before us we are moved in the public interest, despite the peripheral arguments advanced by the parties, to see that an awarding authority has complied with the statutory requirements which are the source of its authority. *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608, 616–617. Accordingly, we frame the substantive issue of law presented for determination on the facts found by the master: May McClean, a competent, responsible and eligible subcontractor acceptable to the general contractor, having submitted the lowest base subbid, be rejected by the committee for consideration as the base bid subcontractor eleven days after the subbids were opened on the ground that its subbid was incomplete for want of alternate bids? For the answer we look to the language of the statute and to our construction of it in the recent case of *Rudolph* v. *City Manager of Cambridge,* 341 Mass. 31, 35–38, where the policy of the statute was discussed and where the distinction was drawn between the awarding authority's right to reject for incompetence and its right to reject for formal deficiencies. We rely upon the language and reasoning of the *Rudolph* case in resolving the issue before us. Section

[2] The principal objections were based on the master's refusal to consider evidence that: (1) The manufacturers of the equipment listed in alternates one and two did not quote prices on their equipment to the various subbidding contractors because the manufacturers could not provide either the system or the equipment that could comply with the specifications of alternate one and alternate two. (2) The equipment listed in alternates one and two was in fact equal to the equipment listed in the base bid. (3) The form of bidding used was not the most advantageous to the awarding authority.

44H of G. L. c. 149 requires that subbids be filed at least four days before the date for opening general bids, and forthwith opened. It further requires that the awarding authority within two days thereafter "shall reject every subbid which . . . is on a form not completely filled in, or which is incomplete, conditional or obscure, or which contains any addition not called for." The awarding authority in rejecting bids under § 44H in the two day period allowed will necessarily be concerned, usually and primarily, with formal deficiencies. Formal deficiencies are usually determinable by visual inspection.

In *Loranger* v. *Martha's Vineyard Regional High Sch. Dist. Sch. Comm.* 338 Mass. 450, 458 (cited in *Rudolph*), we left open the question whether the words of § 44H regarding the rejection of nonconforming subbids were mandatory or directory. In the same case at pages 457–458, we intimated that there may be subbids whose deficiencies may justify, although not necessarily require, rejection. See *John D. Ahern Co. Inc.* v. *Acton-Boxborough Regional Sch. Dist.* 340 Mass. 355, 358; *Fred C. McClean Heating Supplies, Inc.* v. *School Bldg. Commn. of Springfield,* 341 Mass. 322, 324. Compare, as to general contract bids, where relief was sought in a petition for a writ of certiorari, *Chick's Constr. Co. Inc.* v. *Wachusett Regional High Sch. Dist. Sch. Comm.* 343 Mass. 38. In none of these cases does it appear that the issue of the timeliness of the rejection for formal deficiencies under § 44H was involved.

5. We hold that the language of § 44H is mandatory to the extent that, if a bid is to be rejected for formal deficiencies, such rejection must take place within the two days defined by § 44H. It follows as a corollary that a rejection more than two days after the opening of the subbids, of the lowest subbid for the complete work as specified, must be based on grounds other than the formal deficiencies specified in § 44H. The committee did not reject McClean's subbid for want of the alternate bids within the prescribed two days but included it as the lowest base bid in the distribution to the general bidders; it then purported, eleven

days later, to reject McClean's subbid for want of the alternate bids and brought about the substitution of Ivy whose base subbid was higher than McClean's.[3]  Thus the committee exceeded its authority under § 44H, and by so doing nullified the purpose of the statute, to foster the policy "that the work be done by a competent general contractor using competent subcontractors who are acceptable to him and willing to work for him at the lowest price which all bids filed will permit."  *Rudolph* v. *City Manager of Cambridge,* 341 Mass. 31, 38.  The committee's reservation in the instructions to subbidders that "a bid . . . which does not contain a separate price for each item . . . may be rejected as informal" does not affect the result.  The rights of the parties are derived from and are measured by the statute.

6.  We make a passing reference to the question of mootness.  In April, 1962, counsel for the committee, representing that more time was needed to prepare his brief, asked us to deny McClean's motion that the appeal be heard at the May sitting.  The ground of the motion, which we denied, was that the matter might become moot.  Prior to arguments at the October, 1962, sitting, counsel for the committee moved that we dismiss the appeal on the ground that the matter had become moot.  He filed an affidavit that the building was completed and in use.  Apart from what we deem to be the insufficiency of the affidavit (see *East Side Constr. Co. Inc.* v. *Adams,* 329 Mass. 347, 353), we decline to consider the issues moot.  *Dacey* v. *Milk Control Commn.* 340 Mass. 681, 683.

7.  The decree dismissing the bill must be reversed.[4]  In indicating the type of decree to be entered, we are mindful as stated earlier in this opinion, that under the statute it is

---

[3] The master made no definite finding that the committee's decision to reject McClean's bid preceded or followed its decision to use the equipment specified for the base bid.  In our judgment, it is immaterial, once the time for rejection for formal deficiencies had elapsed.

[4] Technically the bill should not have been dismissed in any event.  Ordinarily the parties are entitled to a binding declaration of the issues involved. *Zaltman* v. *Daris,* 331 Mass. 458, 462.  *Morgan* v. *Banas,* 331 Mass. 694, 698.

for the awarding authority and not for the court to determine the competence of bidders. *Capuano, Inc.* v. *School Bldg. Comm. of Wilbraham,* 330 Mass. 494, 496. Nevertheless, it is established that Phillips had named McClean as the subcontractor in its own general bid. A conclusion that McClean had been rejected for lack of competence could not be justified on the record. In the circumstances, the language of *Rudolph* v. *City Manager of Cambridge,* 341 Mass. 31, 39, is peculiarly adaptable to the situation here presented. ''We note first that within the thirty days available therefor . . . [McClean] had not been rejected because incompetent and there had been no valid decision or agreement to substitute any bidder for . . . [McClean]. The statute does not require that substitution be considered or that it occur. It does require (§ 44A) that the general contract be awarded within thirty days. The decision to substitute [Ivy for McClean], solely for an invalid reason, was nugatory, and . . . [Phillips] was under obligation at the required time to execute a subcontract with . . . [McClean], the subbidder whose bid it had included in the general bid. Thus . . . [McClean] had a right to the subcontract. We intend no suggestion that a subbidder not chosen by the procedures of the statute even though a lower subbidder than the one chosen has a right to require his selection.''

There is no basis for concluding that the award of the general contract to Phillips was invalid.

8. The interlocutory decrees are affirmed. The final decree is reversed. A decree is to be entered declaring that Ivy was wrongfully substituted for McClean to do the heating and ventilating work under Phillips's general contract.

*So ordered.*