Builders Realty Corp. of Mass. *v.* Newton.

---

BUILDERS REALTY CORP. OF MASS. *vs.* CITY OF NEWTON & others.

Middlesex.     October 5, 1964. — October 29, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Public Works. Contract,* For public works, Bidding for contract. *Municipal Corporations,* By-laws and ordinances. *Newton.*

Rejection by an awarding authority of the city of Newton of the lowest general bid filed with the authority for a building construction contract of the city subject to G. L. c. 149, §§ 44A–44L, was justified by failure of the bidder to file a duplicate of his bid with the city's comptroller of accounts as required by the terms of the invitation to bid and the "Information for Bidders" pursuant to a city ordinance, not referred to in the invitation or information, providing that bidders file duplicates of their bids with the comptroller, that he open the duplicates after the opening of the original bids and compare the originals and the duplicates, that in case of discrepancy between them the duplicates should be "treated as the original bids," and that the contract should not be awarded until both the duplicates and originals had been opened; WHITTEMORE, J., dissenting.

BILL IN EQUITY filed in the Superior Court on June 26, 1963.

The suit was reported by *Beaudreau,* J.

The case was submitted on briefs.

*Leon M. Fox* for the plaintiff.

*Matt B. Jones,* City Solicitor, for the City of Newton & another.

WILKINS, C.J.   This bill in equity seeks a determination whether the plaintiff (Builders) or the defendant Rocheford Construction Company, Inc. (Rocheford) is the lowest responsible and eligible bidder for the construction of an addition to the Lincoln-Eliot School for the defendant city. The facts have been stipulated, and the case is reported without decision by a judge of the Superior Court.   G. L. c. 214, § 31.

On May 9, 1963, the city acting by its purchasing agent, the defendant Forde, publicly invited sealed proposals in accordance with certain plans and specifications and subject to G. L. c. 149, §§ 44A–44L, as amended.   The invitation for bids, duly advertised, provided that proposals for the general contract would be received until noon on June 11, 1963, at the office of the purchasing agent, then and there publicly to be opened and read.   The invitation also provided that proposals be made in duplicate.   One copy was to be deposited with the purchasing agent and the other copy was to be filed in the office of the comptroller of accounts of the city prior to the time stated for the opening of proposals.   A document issued by the city entitled "Information for Bidders" stated in three places that a copy of the bid should be submitted to the comptroller of accounts.   It also stated, "The contract will be awarded to the lowest responsible and eligible bidder complying with the conditions set forth in the contract documents."

The Revised Ordinances of Newton, 1952, § 2.14 (in effect since at least 1939), provides: "Whenever, in response to any advertisement under the preceding section [for a contract where the amount involved is $1,000 or more] by any officer or board of the city, a bid for a contract to do work or furnish material is sent or delivered to the officer or board, a duplicate of the same shall be furnished by the bidder to the comptroller of accounts, to be kept by him and not opened until after the original bids are opened.   After the original bids are opened, the comptroller of accounts shall open and examine the bids submitted to him, and shall compare the same with the original bids.   In case any of

the bids submitted to the comptroller of accounts differ from the corresponding original bids those submitted to the comptroller of accounts shall be treated as the original bids. The contract shall not be awarded until after both sets of bids are opened.''

Prior to noon on June 11, 1963, Rocheford filed a bid at the office of the purchasing agent with the required bid deposit and filed a copy with the comptroller of accounts. Also prior to noon Builders filed a bid with the office of the purchasing agent with the required bid deposit, but filed no copy with the comptroller of accounts. At noon when the bids were opened, the two lowest bids were $237,343 by Builders and $240,800 by Rocheford. Both bids were in proper form and in all respects conformed to G. L. c. 149, §§ 44A–44L. Both bidders were in all respects competent to perform the contract. On June 14, 1963, the defendant Forde notified the plaintiff by letter that its bid ''has been rejected as no copy was filed with the Comptroller of Accounts as required by ordinance and as stated in the bidding documents.''

The plaintiff contends that the requirements of the Newton ordinance are contrary to the provisions and intent of G. L. c. 149, §§ 44A–44L. The contract shall be awarded in accordance with the procedure set forth in those sections (§ 44A, as amended through St. 1960, c. 692). The awarding authority shall reserve the right to reject any or all general bids, if it be in the public interest to do so (§ 44D, as amended through St. 1961, c. 604, § 4), and shall furnish to every person applying therefor a form for general bid (§ 44E, as amended through St. 1956, c. 679, § 1). Every general bid is to be submitted on a form furnished by, and addressed to, the awarding authority (§ 44F, as amended through St. 1961, c. 604, § 5). ''General bids shall be publicly opened and read by the awarding authority forthwith after the time limit for the filing thereof'' (Id.).

The purpose of the ordinance undoubtedly is to furnish a safeguard against collusion in the opening and reading of bids. Cf. Morse v. Boston, 253 Mass. 247, 252; Burt v. Mu-

*nicipal Council of Taunton,* 272 Mass. 130, 133; *Sweezey* v. *Mayor of Malden,* 273 Mass. 536, 540; *Pacella* v. *Metropolitan Dist. Commn.* 339 Mass. 338, 342. It does not follow, however, that that part of the ordinance should be upheld which, in the event of a difference between them, invalidates the original in favor of the copy. The original must be publicly opened under G. L. c. 149, § 44F. The copy need not be publicly opened under § 2.14 of the ordinances. However this may be, no copy was filed by the plaintiff, and there was no discrepancy in the case at bar. But, wholly apart from the ordinance, which was not referred to in the invitation for bids nor in the "Information for Bidders," there is no reason in the law of contracts why the city could not include in its offer to contract a requirement that a copy of a bid be filed with the comptroller of accounts. The invitation for bids and the "Information for Bidders" constitute, subject to the statute, an expression of a willingness to consider bids made strictly in accordance with these documents. Cf. *Northampton Inst. for Sav.* v. *Putnam,* 313 Mass. 1, 7; *Bartlett* v. *Keith,* 325 Mass. 265, 268. Elsewhere an awarding authority has been upheld in rejecting a lowest responsible bid which did not conform to the awarding authority's specifications. *Roland Elec. Co.* v. *Mayor & City Council of Baltimore,* 210 Md. 396, 413–414; *Druml Co. Inc.* v. *Knapp,* 6 Wis. (2d) 418, 421–423.

There is nothing illegal in the requirement. There is nothing in G. L. c. 149, §§ 44A–44L, which requires that the procedures of all the governmental units of the Commonwealth be precisely the same, or which limits to the statutory minimum the amount of reasonable protection which a unit may have. No case so holds. We observe nothing unreasonable in the stipulation that a copy be filed. We see no reason why the plaintiff, which either did not carefully read the bidding documents or purposely disregarded this stipulation, should be helped in this equitable proceeding.

A decree should be entered declaring that the bid of the plaintiff Builders Realty Corp. of Mass. was properly rejected.

*So ordered.*

WHITTEMORE, J. (dissenting) The ordinance and the corresponding provisions of the bidding documents appear to me repugnant to the requirements of G. L. c. 149, § 44A, that "[e]very contract . . . shall be awarded to the lowest responsible and eligible general bidder on the basis of competitive bids *in accordance with the procedure set forth in the provisions of sections forty-four B to forty-four L*" (emphasis supplied), and of § 44K that "the department [of labor and industries] . . . enforce sections forty-four A to forty-four J, inclusive, and . . . have all necessary powers . . . to institute and prosecute proceedings . . . to restrain the performance of any contract . . . *not awarded in conformity therewith*" (emphasis supplied). The statutory requirements are precise and detailed. They manifest an intention that the complicated procedures with which bidders and awarding authorities must comply and which the department must enforce be uniform. In the light of the other provisions of the statute it does not appear to me that the right in the awarding authority under § 44D to reject a bid "in the public interest" can support a modification of the statutory procedure by ordinance or by provisions of the bidding documents.