J. & J. ELECTRICAL Co. *vs.* GOVERNMENT CENTER COMMISSION & others.

Suffolk. April 5, 1965. — May 3, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Public Works. Contract,* For public works, Bidding for contract.

Omission from a subbid on a public construction project subject to G. L. c. 149, §§ 44A–44L, of a specific statement that the subbid included certain addenda pertaining to the work of the subbidder justified the awarding authority in rejecting the subbid as incomplete under § 44H, even if the amounts of the items involved in the addenda were small and uncertain.

BILL IN EQUITY filed in the Superior Court on July 1, 1964.

The suit was heard by *Dewing,* J.

*Neil A. Cooper* for the plaintiff.

*Victor Brogna,* Assistant Corporation Counsel, for the defendant Government Center Commission.

*Herbert H. Hershfang (George S. Abrams* with him) for the defendant Norfolk Electric Co.

---

WHITTEMORE, J.   The plaintiff sought a declaration that its low subbid for the electrical work on the new city hall in the Government Center in Boston was valid and that the rejection of the bid by the Government Center Commission, as the awarding authority, in favor of a bid by Morris Vigoda, doing business as Norfolk Electric Co. (Norfolk), was erroneous.   The judge in the Superior Court found that the plaintiff's bid was incomplete, that the deviation was not minor, and that the awarding authority was justified in rejecting the plaintiff's subbid.   The evidence is reported.

The form for subbid furnished by the awarding authority had typed thereon the following: "B.   This sub-bid includes addenda numbered 1, 2, 3, 4, 5, 6."   Three additional addenda had been issued as a basis for bidding; the plaintiff had received these additional items; it was incumbent upon the plaintiff, if it intended to make a bid for the entire electrical work, to insert the numbers of the additional addenda, or at least the two (8 and 9) that referred to such work.   Through the plaintiff's inadvertence these numbers were omitted from its subbid form.

The plaintiff's bid was in the amount of $1,519,000; Norfolk's bid, next lowest, was for $1,545,000.   The plaintiff's bid was included in the list of subbids mailed to the general bidders, and was used by the successful general bidder. Norfolk, however, protested to the awarding authority and to the Department of Labor and Industries of the Commonwealth.   After a hearing, the department's general counsel rendered a decision that the plaintiff's subbid should be rejected.[1]   Thereafter the awarding authority voted to reject the subbid and to substitute Norfolk's subbid.

The two omitted addenda that related to the electrical work contained over twenty references thereto.   The testimony tended to show that the figured cost of doing the work without the addenda would be altered somewhat by the in-

---

[1] See St. 1963, c. 445, § 2, amending G. L. c. 149, § 44H, to permit rejection after the two day period specified.

clusion of the addenda, but that the amounts involved were small and uncertain.[2]

General Laws c. 149, § 44H, as amended by St. 1963, c. 445, § 2, provides in part, "Every sub-bid . . . shall be for the complete work of the sub-trade as specified. . . . [The awarding authority] shall reject every sub-bid . . . which is on a form not completely filled in, or which is incomplete, conditional or obscure."

The awarding authority was justified in rejecting the plaintiff's subbid; it was not a submission that entitled the plaintiff to the award. *Grande & Son, Inc.* v. *School Housing Comm. of No. Reading,* 334 Mass. 252, 256. *Chick's Constr. Co. Inc.* v. *Wachusett Regional High Sch. Dist. Sch. Comm.* 343 Mass. 38, 41. *Fred C. McClean Heating Supplies, Inc.* v. *Westfield Trade High Sch. Bldg. Comm. of Westfield,* 345 Mass. 267, 272. *Builders Realty Corp.* v. *Newton,* 348 Mass. 64, 67. The issue is not whether the deficiencies were of such a nature that the awarding authority would have been justified in overlooking them. *Loranger* v. *Martha's Vineyard Regional High Sch. Dist. Sch. Comm.* 338 Mass. 450, 456. *John D. Ahern Co. Inc.* v. *Acton-Boxborough Regional Sch. Dist.* 340 Mass. 355, 357, 358. *Fred C. McClean Heating Supplies, Inc.* v. *School Bldg. Comm. of Springfield,* 341 Mass. 322. *Chick's Constr. Co. Inc.* case, *supra.* We need not decide whether

---

[2] The only sure monetary difference appears to be that admitted by the plaintiff, that is: change in size of an exhaust silencer, add $40; plywood backboard changed to steel, add $228; eliminate two spray pumps, deduct $40. A plaintiff's witness, who had testified that none of the changes was material, testified on cross-examination as to the possibility of additional cost as a result of a provision in addendum 8 which had made specific the type of clock face to be used. The original specifications had listed this as a decision for the architect, and conceivably an overall bid with this item open would have varied from such a bid with this item certain. The witness accepted as "possible" the examiner's suggestion that the variation might be as much as $20 a clock face. There was testimony that there were 178 clocks. Norfolk and the Commission also rely on the testimony that there would have been a saving of over $10,000 to the subcontractor had the architect permitted the use of the substitute material which the plaintiff had sought to use and had inquired about, rather than ruling against the use of such material in addendum No. 8. The argument is that the plaintiff's omission of the reference to addendum 8 suggests the possibility of an intent to be a subcontractor only if the ambiguity of the specifications, apart from addendum 8, remained in the contract. The futility of such a course by an earnest bidder is, of course, apparent.

the authority could have done this.   It is not determinative whether on inquiry outside the bid itself the awarding authority might have found that the plaintiff intended its bid to be for the entire work as specified, or that, even without inquiry, such intention seemed most probable.   Nor does the plaintiff acquire a right under its bid from the circumstance that if the bid had been accepted and the plaintiff had become the subcontractor it would have done so by entering into a contract inclusive of the addenda.   The bid did not in terms assert that the plaintiff was offering to do such work.   Compare the *McClean* (Springfield) case, *supra,* 341 Mass. at 324.   The statute specifies that it must do so if its bid is not to be subject to the provision of § 44H in respect of rejection.

<div align="right">

*Decree affirmed.*