Borenstein, J.
After a hearing and review of all the materials and affidavits submitted in support of the plaintiffs motion for declaratory judgment or in the alternative, summary judgment and defendant’s cross motion for declaratory judgment or in the alternative, summary judgment, the plaintiffs motion is DENIED. For the reasons stated below, defendant’s motion is ALLOWED [1]
BACKGROUND
In April 1998 the Town of Bedford (the “town”), pursuant to G.L.c. 149, §§44A-H, solicited and acquired general bids for a project referred to as “99-02 Annual Full Service Elevator Contract” (the “project”). The contract was for full service maintenance of four elevators in three different buildings operated by the town. The full service maintenance required preventative maintenance, service calls and repairs. The project bidding specifications set forth a number of requirements, including that bidders have maintained an elevator maintenance organization comprised of at least five regularly employed licensed elevator mechanics for a minimum of five years prior to the date of the bid.
On April 28, 1998, the bids were opened. Although the plaintiff, Keystone Elevator Company (“Keystone”), submitted the lowest of four bids, the town did not award the contract to Keystone, giving as reason that Keystone’s bid did not comply with the enumerated requirement in the bidding specifications that a vendor have five years experience.
*277 On July 16, 1998, Keystone filed a bid protest with the Attorney General’s Office regarding the rejection of this bid. In September 1998 the parties had a hearing before Attorney Francis X. Flaherty of the Office of the Attorney General. Division of Fair Labor and Business Practices. The Attorney General’s Office took the bid process under advisement, pending its decision in In Re: Administrative Office of the Trial Court ["AOTC") Maintenance and Repair Contract, a bid protest Keystone had filed earlier at the Attorney General’s office involving similar issues of law and fact.
The Attorney General’s Office reached a decision in the AOTC case on February 22, 1999, remanding the bid protest to the AOTC to “take such action as it deemed consistent with” the language of the decision.
The Attorney General’s Office report found, among other things, that as a general principle “there should exist a reasonable nexus between a bidding requirement imposed by an awarding authority and the objective sought by the awarding authority in imposing the requirement.”
On May 4, 1999, Keystone filed a complaint in this court seeking a declaratory judgment or in the alternative, summary judgment, that the town’s five-year experience requirement violated public bidding laws. The town moves for declaratory judgment, or in the alternative, a cross-motion for summary judgment, stating that it was in compliance with all applicable statutes.
DISCUSSION
Summary judgment is appropriate where there is no issue to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c), Symmons v. O’Keefe, 419 Mass. 288, 293 (1995). A party in a civil action moving for summary judgment on a claim in which the opposing party has the burden of proof at trial is entitled to summary judgment if it demonstrates by reference to the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The procedure for bidding contracts for the maintenance and repair of any building by a public agency which exceeds twenty-five thousand dollars is governed by the procedure set forth in G.L.c. 149, §§44A through 44H. See G.L.c. 149, §§44A(2).
In determining the lowest responsible and eligible bidder, the awarding authority shall consider the information submitted in the updated statement as well as compliance with the general bid specifications. As a general matter, an awarding authority may impose bidding requirements in addition to those set forth by the bidding statutes. See Builders Realty Corp. of Mass. v. Newton, 348 Mass. 64, 67 (1964). An awarding authority has the discretion to either waive, or to count as disqualifying, a bidder’s deviation from non-statutory bidding requirements imposed through project bidding specifications. Peabody Construction Co., Inc. v. City of Boston, 28 Mass.App.Ct. 100, 103-04 (1989).
The facts in this case are undisputed. At issue is whether the five-year requirement imposed by the town comports with the Attorney General’s Report that “there should exist a reasonable nexus between a bidding requirement imposed by an awarding authority and the objective sought by the awarding authority in imposing the requirement.” See In Re: Administrative Office of the Trial Court CAOTC”) Maintenance and Repair Contract, Opinion of the Attorney General Division of Fair Labor and Business Practices (February 22, 1999). The Attorney General’s reasonableness requirement is supported by Capuano, Inc. v. School Building Committee of Wilbraham, 330 Mass. 494, 496, (1953), which states that ”[t]he pertinence of the reasonableness question finds support in an earlier bidding case where the Supreme Judicial Court held that an awarding authority’s determination as to bidder competency should not be overturned absent illegal or arbitrary action on the part of the awarding authority.”
Further, the Attorney General’s “reasonable nexus” also finds credence in legislative intent. “(T)his principle finds support when one considers the complementary, legislative purposes of the bidding status as discerned by the Supreme Judicial Court: (1) to enable an awarding authority to obtain the lowest price for its work that competition among responsible contractors can secure, and (2) to establish an open and honest procedure for public contract competition so that all bidders are on an equal footing in the competition to gain a contract award. ” See In Re: Administrative Office of the Trial Court (“AOTC”) Maintenance and Repair Contract, Opinion of the Attorney General Division of Fair Labor and Business Practices (February 22, 1999).
The town defends its five-year requirement in its bid specifications for the “project” as falling within the “reasonable nexus” standard set forth above. This court finds persuasive the defendant’s argument that five years is reasonable for the protection of the town for the performance of the elevator maintenance contract. The town states that the purpose of the requirement was to ensure that the town contracted with a “geographically stable” business that would remain in Massachusetts, and one that demonstrated by previous success and stability that it would remain viable over a long period of time. In addition, the town stated that it wished to establish a maintenance relationship with a company large enough to provide year-round constant coverage for emergencies for the duration of the three-year contract.
The court acknowledges Keystone’s point during oral arguments that requiring a company to prove it *278 has been together for five years, as opposed to four or six years, does not definitively guarantee that the company will be viable and/or remain in Massachusetts over a long period of time. This argument, however, does not make the town’s five-year requirement arbitrary. The town stated that in drafting the bid specifications, the Facilities Director considered the importance of a reputable and stable company, given the three-year length of the contract. The town did not wish to place the project in jeopardy by the possibility of hiring a company that might fail or move out of state, and it acted within its discretion in using its best judgment to minimize the risks by requiring a company be in business at least five years.
Keystone argues that the town must have thought it qualified, as evidenced by the Library Maintenance Contract that the town awarded to Keystone earlier. That contract is distinguishable from the contract at issue here, however, because the library is a one-year, preventative maintenance contract as opposed to a three-year, full service maintenance contract. The town was fully acting within its discretion in requiring different bidding criteria for different types of contracts.
Given the public safety importance of maintaining constant stability in the maintenance of the elevators for a public school, this court finds the town’s five-year requirement to be “reasonable” within the meaning of the Attorney General’s report.
ORDER
This court hereby ORDERS that Keystone Elevator, Inc.’s motion for summary judgment is DENIED. It is further ORDERED that the Town of Bedford’s motion for summary judgment is ALLOWED.

 The Court apologizes to the parties and counsel for the delay in the issuance of this decision, which is solely my responsibility. The delay in no way is attributable to anything counsel or the parties did or did not do.